UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DAVID TROY ECONOMIDES,
    Defendant.

Case No.  CR20-5388-RJB-001

DETENTION ORDER

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Section 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person or the community; nor are there conditions that would reasonably assure the defendant would be less likely to flee or fail to appear for court proceedings. The defendant is represented by Assistant Federal Defender Gregory Geist. The government is represented by Assistant United States Attorney Ye-Ting Woo.

The defendant is charged with four counts: (1) Attempted Possession of Methamphetamine with Intent to Distribute, (2) Possession of Methamphetamine with Intent to Distribute, (3) Possession of a Firearm in Furtherance of a Drug Trafficking crime, and (5) Felon in Possession of a Firearm. Indictment, Dkt. 1. The government filed a motion for detention (Dkts. 8, 16), and accompanying documents, (Dkt. 16-1, 16-2) alleging that the presumption of detention applies, and asserting that if released, Mr. Economides would pose a substantial risk of flight, risk of non-appearance, and risk of dangerousness to others and to the community.

The Court heard information and argument presented during the videoconference hearing on December 18, 2020, and information provided by the Pretrial Services Officer, Jamie Halvorson including the pretrial services reports (Dkts 7, 17).

The government met its burden of proving by a preponderance of the evidence

that the defendant presents a significant risk of flight, or failure to appear, based on the defendant's history of repeated criminal conduct showing he has a pattern of not conforming his behavior to the law, the circumstances of his attempt to flee at the time of arrest, and a history of previous bench warrants issued by state courts for failure to appear. Dkt. 16, Memorandum in Support of Motion for Detention, 16-1, 16-2; Dkt. 17, Supplemental Pretrial Services Report at 3-6.

The Court also finds the government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others or to the community. The defendant's criminal history shows convictions involving harmful physical conduct, including convictions for assault in the second degree with a deadly weapon, robbery first degree with a deadly weapon, burglary first degree with a deadly weapon, and kidnapping second degree. Dkt. 17 at 5. The record shows that while on supervised release with the Clark County Superior Court for these offenses, Mr. Economides committed another felony: Possession with Intent to Deliver Methamphetamine. Dkt. 17 at 6. Mr. Economides also has a prior conviction for domestic violence assault, and the record shows that he violated the terms of his supervised release and was sanctioned by the Clark county District Court with jail time for each of those violations. Dkt. 17 at 4.

The current charges, involving a drug crime with a maximum sentence of 10-years or more, trigger the rebuttable presumption of detention, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. §§ 3142(e)(1). The presumption operates to shift the burden of production to the defendant. *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008). The prosecution has the

burden of persuasion. *Id.* If the defendant proffers evidence to rebut the statutory presumption, this does not mean the presumption has been erased; it simply means the presumption is an evidentiary finding that militates against release, and is weighed along with the other factors identified in 18 U.S.C. § 3142(g). *United States v. Hir,* 517 F.3d at 1086.

The four factors are: 1. Nature and seriousness of the charges; 2. Weight of the evidence against the defendant; 3. History and characteristics of the defendant; and 4. "Nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4). The Bail Reform Act recognizes that release should be the normal course, and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant poses a serious potential for dangerousness, it is not necessary for the Government to produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d at 1091-92; *United States v. Rodriguez,* 950 F.2d 85, 88-89 (2d Cir. 1991).

Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate the potential for failure to appear, flight to avoid prosecution, or repeated behavior of committing new offenses while on supervised release. And Mr. Economides' criminal history shows that he has not demonstrated law abiding behavior in the community. Some of these offenses for which he was convicted in state and federal court were committed when he was on supervised release for a prior conviction. See e.g., Dkt. 17 at 5-6 (felony offense committed

3

on 7-19-16 while on supervision for prior felony convictions; and felony offenses committed on 3-26-2009 while on unsupervised probation for a prior misdemeanor conviction).

Mr. Economides' criminal history, and the facts concerning his arrest, convince the Court that his threat to the community continues and his behavior cannot be successfully controlled by imposing structured supervision. The government proffered documents showing that Mr. Economides fled the scene when Clark County Sheriff's Officers attempted to arrest him on December 11, 2020. Dkt. 16-2 at 6-7. Mr. Economides drove over a curb, into a planter area, sped into on-coming traffic going the wrong way down a divided road. Eventually the defendant crashed the car, he was transported to the hospital for evaluation, but apparently no other individuals were harmed during the crash. *Id.*

During the hearing, the defense and the Pretrial Services Office proposed that Mr. Economides should be released -- for pretrial supervision, or for temporary release until the COVID-19 outbreak at the Federal Detention Center subsides -- to the home where his family is living (possibly with the defendant on home detention to include location monitoring), or placement in a Residential Re-entry Center. The Court finds neither of these options would be a viable release plan under the Bail Reform Act, because the Court cannot effectively prevent the defendant from leaving these locations. Even with electronic location monitoring, the defendant would potentially be able to obtain contraband from others, he would be a flight risk, and would not be in a locked facility – the Court finds that a locked facility is necessary to protect the community.

The defendant also argued that he must be released because is concerned he

will be exposed to individuals with COVID-19 disease while he is detained at the SeaTac Federal Detention Center (FDC). The Bail Reform Act provides that the Court should give consideration for a defendant's "physical and mental health" in determining release. In this case, the defendant stated that his body mass index (BMI) indicates obesity, which may create increased susceptibility to contracting COVID-19, or that would cause him, if he did contract the virus, to suffer more severe symptoms than others who have the COVID-19 disease. He also asserted that he has asthma, and may have a heart condition, and contends these conditions would be co-morbid conditions with the COVID-19 virus.

The Court is aware that the impact of COVID-19 is changing; according to the Bureau of Prisons' website, there have been reported cases of inmates and staff at the Federal Detention Center at SeaTac, within the Bureau of Prisons ("BOP") system, who have tested positive for the COVID-19 virus. *See* https://www.bop.gov/coronavirus/index.jsp.) *See King v. County of Los Angeles,* 885 F.3d 548, 555 (9th Cir. 2018) ("To describe the conditions at Coalinga [State Hospital], we take judicial notice of the undisputed and publicly available information displayed on government websites.").

Yet, a person who is arrested and evaluated for release or detention under the Bail Reform Act cannot reasonably rely on the argument that detention should be off the table because there are individuals with COVID-19 positive test results at the FDC SeaTac. As a practical matter, the fluctuating FDC COVID-19 rates – as they are also fluctuating in the Western District of Washington community -- would be a fluctuating factor based on testing data and statistics that are always changing, with plateaus, peaks, and valleys. *See generally,* 
*https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard*

When the rates of infection in the detention facility are high, the defense is apparently arguing that the infection rate overshadows all of the other Bail Reform Act criteria, and essentially requires release during the pandemic for Mr. Economides, who has conditions that may cause him to have a higher COVID-19 risk – he alleged that he suffers from obesity, asthma, and a potential heart condition. This argument does not persuade the Court; because the Section 3142(g) factors weigh heavily in favor of detention based on the facts described above. *See generally, United States v. Carmona,* No. 20cr00059-LAB, 2020 WL 2512199 (S.D. Cal. May 15, 2020) ("To be sure, the prevalence of the COVID-19 virus outbreak in detention facilities informs the balancing of relevant § 3142 release factors. But that single factor does not *control* the release decision.")

The Court finds: The government met its burden of proving by a preponderance of the evidence that the defendant presents a significant risk of failure to appear. The government also met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others and to the community, and there are no condition or combination of conditions which defendant can meet that will reasonably assure the safety of any other person and the community, or the appearance of the defendant.

This finding is based on:

1) the nature and circumstances of the offense(s) charged,

2) the weight of the evidence against the person;

3) the history and characteristics of the person;

4) criminal history;

5) history of failure to appear; and circumstances of the defendant's attempt to flee during the arrest;

6) the nature and seriousness of the danger release would impose to any person or the community, including a history of repeated violent behavior and committing new offenses while on supervised release for prior convictions.

*Order of Detention*

< The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

< The defendant shall be afforded reasonable opportunity for private consultation with counsel.

< The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 22nd day of December 2020.

*(signed)* Theresa L. Fricke
Theresa L. Fricke
United States Magistrate Judge

7